Filed 10/8/20  P. v. Collins CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B305335 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA395459) |
| v. | |
| ARTERO COLLINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Artero Collins, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Artero Collins appeals from an order denying his writ of error *coram nobis* to have assessments and fines stricken. Our review is under *People v. Wende* (1979) 25 Cal.3d 436.

Collins was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1) and of attempted murder (§§ 664, 187, subd. (a); count 2). Firearm enhancements under section 12022.53, subdivision (d) were found true as to both counts. On March 2, 2015, the trial court sentenced Collins to 160 years to life. The trial court ordered Collins to pay $6,710.72 in victim restitution (§ 1202.4, subd. (f)), and imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a $30 court facility assessment (Gov. Code, § 70373).

In 2020, Collins filed a petition for a writ of error *coram nobis*.[2] On January 30, 2020, the trial court denied the writ for three reasons. First, a writ of error *coram nobis* is not a remedy to challenge an alleged violation of due process. Second, *People v. Dueñas* (2019) 30 Cal.App.5th 1157 is not retroactive to final cases. And third, Collins never objected to the assessments and fines.

Collins appealed. His court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record under *People v. Wende*, *supra*, 25 Cal.3d at page 441. Collins submitted a supplemental letter asking us to strike assessments and fines because he has no ability to pay them.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Collins's request to take judicial notice, filed August 25, 2020, is granted. (Evid. Code, § 452, subd. (d).)

When the trial court imposed the fines and assessments on Collins at his sentencing hearing in 2015, Collins had the ability to object to them under, for example, section 1202.4, subdivision (d).  Collins did not object, thereby forfeiting any issue on appeal on the ground of inability to pay.  (See, e.g., *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)  *People v. Dueñas*, *supra*, 30 Cal.App.5th 1157 therefore does not apply.  *Dueñas* concerned imposition of the minimum fine under section 1202.4, subdivision (b), whereas this case involves imposition of the maximum fine.

We have reviewed the record and are satisfied that Collins's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:



LAVIN, Acting P. J.



EGERTON, J.

3